IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MELVIN MOORING,

                  Plaintiff,

    v.

BRODERICK BYERS,

                  Defendant.

CIVIL ACTION
NO. 16-5336

## MEMORANDUM OPINION

**Schmehl, J. /s/ JLS**                                **December 14, 2018**

## I.    INTRODUCTION

Plaintiff filed a Complaint in this matter on December 9, 2016. This "Complaint" consists of a form § 1983 complaint, a "Statement of Facts," an "Addendum to a Loan and Investment Agreement" dated May 17, 2010, and an "Addendum to Statement of Facts." (*See* Docket Nos. 5, 7 and 8.) In all of his filings, Plaintiff identifies Defendant Byers as the only defendant. Defendant Byers was served on June 28, 2018, and filed a Motion to Dismiss (Docket No. 15) on August 10, 2018. Plaintiff filed a "Motion for Default Judge (sic)" (Docket No. 14) on August 6, 2018. For the reasons that follow, I will grant Defendant's Motion to Dismiss and deny Plaintiff's Motion for Default Judgment.

## II.    FACTS

Plaintiff sets forth his complaint on a form that is intended to be used for violations of constitutional rights under 42 U.S.C. § 1983. However, none of the documents filed by Plaintiff describe or reference any constitutional provision or federal statute that has been violated. It appears from a review of all of Plaintiff's filings that he is alleging that he

invested money with Defendant Byers in 2009 and was not paid a promised return by October 2010, as a result of which he is asking the Court to order return of the allegedly owed money.

## III.  LEGAL STANDARD

The Court granted Plaintiff leave to proceed *in forma pauperis*.  Accordingly, the Court is required to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice.  *Id.*  As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## IV.  DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The color of law requirement excludes from the reach of § 1983 all "merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999). Specifically, the Third Circuit has held that a civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged violation. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)

(holding plaintiff's §1983 retaliation claim against state attorney general "utterly fail[ed] to meet the liberal notice pleading standard" where there were no facts alleged connecting the defendant to the alleged wrongdoing).

In the instant matter, Plaintiff's Complaint and all its addenda, statements and exhibits fail to allege, describe or identify any violation whatsoever of any constitutionally protected right. Further, Plaintiff's pleadings also fail to identify any individual acting under color of state law. There is no allegation that Defendant Byers is anything other than a private citizen, and there is no allegation regarding what provisions of the Constitution or what sections of federal statutes were violated. Accordingly, Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983.

Further, Plaintiff's Complaint clearly violates whatever the applicable statute of limitations is for his action. A cause of action arising under 42 U. S. C. §1983 is governed by the personal injury statute of limitations of the state in which the cause of action accrued. *Cito v. Bridgewater Twp. Police Dep't*, 892 F.2d 23, 25 (3d Cir.1989). In Pennsylvania, a plaintiff has two years in a personal injury action in which to file his complaint. 42 Pa.C.S. § 5524. Here, Plaintiff filed his Complaint in December 2016 alleging a breach of contract of which he became aware in October 2010. Thus, Plaintiff had until October 2012 to file a §1983 action, and his December 2016 Complaint was not brought within the applicable statute of limitations and should be dismissed.

Alternately, even if Plaintiff's Complaint were liberally construed to allege a claim for breach of contract, his claim would still fail for not being brought within the applicable limitations period. In Pennsylvania, in an action in assumpsit for an oral contract, the applicable limitation period is four years (42 Pa.C.S. §5525.) Plaintiff's

Complaint alleges that Plaintiff invested money with the Defendant in 2009, but was not given a promised return in October 2010. If Plaintiff's Complaint is based upon an oral contract, of whose breach he became aware in October 2010, Plaintiff had four years, or until October 2014, to file suit. As the instant Complaint was not filed until December 9, 2016, it was not filed timely for a breach of an oral contract action.

Lastly, even if Plaintiff is basing his Complaint upon a written contract of whose breach he became aware in October of 2010, he still has not timely filed the Complaint. In Pennsylvania, an action in assumpsit for a written contract has a six year limitation period. 42 Pa.C.S. §5527. If Plaintiff became aware of a breach of contract in October 2010, he had six years, or until October 2016, to file suit. In the instant case, Plaintiff did not initiate the instant lawsuit until December 9, 2016. Thus, regardless of whether the instant action is regarded as § 1983 action, or a breach of either an oral or written contract, the instant complaint was not brought within the applicable two, four or six year statute of limitations and must be dismissed.[1]

---

[1] Plaintiff also filed a Motion for Default Judgment in this matter, alleging that Defendant Byers was served with the summons and complaint on June 28, 2018, and had yet to respond as of August 3, 2018. Although Plaintiff's allegations are true, his motion for default judgment must be denied. Rule 55 of the Federal Rules of Civil Procedure states as follows:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

F.R.C.P. 55. The clerk of court's entry of default under Rule 55(a) because of a party's failure to respond is the first step and a prerequisite before the party seeking a "judgment for affirmative relief" can attempt to move for the entry of a default judgment under Rule 55(b). *LNV Corp. v. Catalano*, 2015 WL 4941962, at *3 (E.D. Pa. Aug. 19, 2015), *citing Husain v. Casino Control Comm'n,* 265 Fed.Appx. 130, 133 (3d Cir.2008) ("[E]ntry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)."). As Plaintiff failed to file a request for entry of default under Rule 55(a), his motion for default judgment must be denied, as he has not met the prerequisite necessary to seek a default judgment.

## V. CONCLUSION

The Complaint clearly fails to state a claim against Defendant Byers upon which relief may be granted. In civil rights cases, *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, *see Fletcher–Hardee Corp. v. Pote Concrete Contractors,* 482 F.3d 247, 253 (3d Cir.2007), unless granting further leave to amend is not necessary where amendment would be futile or result in undue delay. *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir.2004). In the instant matter, it is clear that any cause of action Plaintiff may try to bring against Defendant Byers would not be brought within the applicable statute of limitations and would therefore be futile. Accordingly, Plaintiff's Complaint is dismissed with prejudice.